UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Chadwick Lynn Miller, | ) | CASE NO. 5:19 CV 1335 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| Akron Police Department, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

**Background**

*Pro se* plaintiff Chadwick Lynn Miller has filed a civil complaint in this matter against the Akron Police Department and the Akron City Fire Department and EMS. (Doc. No. 1.)

In his complaint, the plaintiff alleges he "is a terrorist victim, the victim of a thought reading transmission technology installed on [him] against [his] will," and that the defendants have "deliberately aided the terrorist by using mind altering tactics," including "impersonating people from [his] past, stalking, harassing, and trying to intimidate [him], and "[c]reating a miserable and inhuman environment for [him] to live in while the technology broadcasts [his] life to . . . the whole world." (*Id*. at 6.)

Contending he is asserting federal jurisdiction under 42 U.S.C. § 1983 and two federal criminal statutes, (18 U.S.C. §§ 2339A (Providing material support to terrorists) and 2261A (Stalking)), he seeks "300 Million" dollars for "[d]efamation, right violations, mental abuse, stalking, mental anguish and inciting terrorism." (*Id.* at 3, ¶ II.A; and 6.)

**Discussion**

Although the standard of review for *pro se* pleadings is liberal, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "the lenient treatment generally accorded *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal district courts are expressly required under 28 U.S.C. §1915(e)(2)(B) to screen all *in forma pauperis* complaints brought in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to survive a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

A claim is frivolous when it lacks an arguable basis in law or in fact, and a court may dismiss a complaint as frivolous when it is based on an indisputably meritless legal theory or where its factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."

*Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Even according the plaintiff's complaint the deference to which a *pro se* pleading is entitled, the Court finds it must be dismissed under § 1915(e)(2)(B).

The plaintiff's unclear and conclusory allegations are insufficient to suggest he has any plausible federal civil claim against the Akron Police Department and the Akron City Fire Department and EMS. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). Where defendants are named in the caption of a complaint without factual allegations indicating their involvement in the rights violations alleged, the complaint is subject to dismissal even under the liberal construction afforded *pro se* pleadings. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004). Additionally, the plaintiff cannot sue for damages under the federal criminal statutes he cites, and his allegations fall within the realm of frivolousness. *See Denton*, 504 U.S. 25.

**Conclusion**

Accordingly, the plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and his complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The plaintiff's motion for appointment of counsel (Doc. No. 4) is denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DATE: October 9, 2019

                                          /s/ John R. Adams
                                          JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE